**BOWMAN AND BROOKE LLP**
Neil M. Kliebenstein (#226060)
1741 Technology Drive, Suite 200
San Jose, CA 95110-1364
Telephone:     (408) 279-5393
Facsimile:     (408) 279-5845
Neil.kliebenstein@bowmanandbrooke.com

Attorneys for Defendant, TESLA, INC.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DERRICK MONET, Individually and as the Personal Representative of the Estate of JENNA MONET, Deceased,<br><br>          Plaintiff,<br><br>vs.<br><br>TESLA, INC., and DOES 1 through 100, Inclusive,<br><br>          Defendants. | Case No.<br><br>**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1441; AND DECLARATION OF NEIL M. KLIEBENSTEIN** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1332 and § 1441(b), Defendant Tesla, Inc. ("Defendant") contemporaneously with the filing of this notice, is effecting the removal of the below referenced action from the Superior Court of the State of California for the County of Santa Clara, to the United States District Court, Northern District of California. The removal is based on the following grounds.

/ / /

/ / /

/ / /

/ / /

NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 USC § 1441; AND DECLARATION OF NEIL M. KLIEBENSTEIN

## JURISDICTION AND VENUE ARE PROPER

1. This is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below. 28 U.S.C. §§ 1332, 1441(a), and 1446(b).

2. The Santa Clara County Superior Court is located in the Northern District of California – San Jose Division. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 84, because this is the "district and division embracing the place where such action is pending." See 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of removal is being served upon counsel for Plaintiff, and a copy is being filed with the clerk of the Santa Clara County Superior Court.

## PLEADINGS, PROCESS AND ORDERS

3. On November 17, 2021, Plaintiff Derrick Monet, Individually and as the Personal Representative of the Estate of Jenna Monet, deceased (hereinafter referred to as "Plaintiff") commenced the above-entitled civil action in the Superior Court for the County of Santa Clara by filing a Complaint therein entitled *Derrick Monet, Individually and as the Personal Representative of the Estate of Jenna Monet, deceased vs. Tesla, Inc., et. al.*, Case No. 21CV391421. True and correct copies of the following documents are attached hereto and incorporated herein by reference collectively as Exhibit "A":

    a.    Summons to Defendant Tesla, Inc.;

    b.    Complaint;

    c.    Civil Case Cover Sheet;

d.      Notice of Assignment to Judge for All Purposes and Notice of Order to Show Cause re CRC Rule 3.110 and Notice of Case Management Conference;

4.      On February 1, 2022, Defendant Tesla, Inc., timely filed its Answers and Affirmative Defenses respectively in response to Plaintiff's Complaint. A true and correct copy of Defendant Tesla, Inc.'s Answer and Affirmative Defenses is attached hereto as Exhibit "B."

## DIVERSITY

A.      Citizenship

5.      This action is one that may be removed to this Court by Defendant Tesla, Inc. pursuant to 28 U.S.C. § 1441(b), as the action is between citizens of different states wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. For diversity purposes, a natural person is a "citizen" of the state which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A natural person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d. 853, 857 (9th Cir. 2001).

6.      A corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is the place where a corporation's board and high-level officers direct, control and coordinate its activities, often referred to as the corporate "nerve center." *Hertz Corp. v. Friend*, 559 US 77, 80-81 (2010). The "nerve center" is the corporate headquarters, "provided that the headquarters is the actual center of direction, control, and coordination, … and not simply an office where the corporation holds its board meetings." *Id.* at 91.

7.      Plaintiff is a resident and citizen of the State of Arizona. See, Exhibit A, Complaint, ¶ 38.

NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 USC § 1441; AND DECLARATION OF NEIL M. KLIEBENSTEIN

8. Defendant Tesla, Inc. is incorporated under the laws of the Delaware, with its principal place of business in Austin, Texas. For diversity purposes, Defendant Tesla, Inc. is a citizen of either Texas or Delaware.

9. Citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998). Therefore, complete diversity of citizenship exists as between plaintiff and defendants.

<u>AMOUNT IN CONTROVERSY</u>

10. Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a "preponderance of the evidence" facts that support an inference that the amount in controversy exceeds the statutory minimum. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1996). "The district court may consider whether it is "facially apparent" from the complaint that the jurisdictional amount is in controversy." *Id.* at 377.

11. Plaintiff's Complaint sets forth causes of action for (1) strict product liability; (2) negligence; (3) breach of warranty; (4) breach of implied warranty of merchantability; (5) breach of express warranty; (6) intentional misrepresentation; (7) common law fraudulent concealment; (8) loss of consortium; and (9) conscious pain and suffering. See Exhibit A. Plaintiff alleges that he was personally injured and damaged, and that his wife Jenna Monet was killed, while he operated a 2019 Tesla Model 3 that was involved in a high speed crash. See Exhibit A, Complaint, ¶ 44. The Complaint contains allegations that Plaintiff Derrick Monet suffered injuries including nine fractures of various bones including lumbar, thoracic, and cervical vertebrae, his scapula, two ribs, and his right femur and the Decedent Jenna Monet died in the accident. See Exhibit A, Complaint, ¶ 3. Based on the alleged damages – serious personal injury and death - and in the event that all of Tesla's defenses fail, the amount in controversy exceeds $75,000, exclusive of costs, expenses and attorney fees. See Exhibit A, Complaint, ¶ 125-126.

## TIMELINESS OF REMOVAL

15.    This Notice of Removal is timely filed within thirty (30) days after Plaintiff's service of the summons and complaint on January 4, 2022. 28 U.S.C. §1446(b).

16.    Defendant Tesla, Inc. hereby removes this action from the Superior Court of the State of California for the County of Santa Clara, to the United States District Court, San Jose Division of the Northern District of California. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. 28 U.S.C. § 1446(a).

Dated:  February 2, 2022

BOWMAN AND BROOKE LLP

_____
    Neil M. Kliebenstein
Attorneys for Defendant Tesla, Inc.

NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 USC § 1441; AND DECLARATION OF NEIL M. KLIEBENSTEIN

I, Neil M. Kliebenstein, declare:

1.      I am an attorney at law licensed to practice before all courts of the State of California and this Court. I am a Managing Partner in the law firm of Bowman and Brooke LLP, counsel of record for Defendant Tesla, Inc. I have personal knowledge of the matters stated herein. If called and sworn as a witness, I could and would competently testify to the following.

2.      On November 17, 2021, Plaintiff Derrick Monet, Individually and as the Personal Representative of the Estate of Jenna Monet, deceased (hereinafter referred to as "Plaintiff") commenced the above-entitled civil action in the Superior Court for the County of Santa Clara by filing a Complaint therein entitled *Derrick Monet, Individually and as the Personal Representative of the Estate of Jenna Monet, deceased vs. Tesla, Inc., et. al.*, Case No. 21CV391421. True and correct copies of the following documents are attached hereto and incorporated herein by reference collectively as Exhibit "A":

  a.  Summons to Defendant Tesla, Inc.;

  b.  Complaint;

  c.  Civil Case Cover Sheet;

  d.  Notice of Assignment to Judge for All Purposes and Notice of Order to Show Cause re CRC Rule 3.110 and Notice of Case Management Conference.

3.      On February 1, 2022, Defendant Tesla, Inc., filed its Answer and Affirmative Defenses respectively in response to Plaintiff's Complaint. A true and correct copy Tesla, Inc.'s Answer and Affirmative Defenses is attached hereto as Exhibit "B."

4.      Plaintiff served his summons and complaint on Defendant Tesla, Inc. on January 4, 2022 and the damages prayed for within the Complaint clearly demonstrates the amount in controversy exceeds $75,000.00. Based on the alleged damages – serious personal injury and

death - and in the event that all of Tesla's defenses fail, the amount in controversy exceeds $75,000, exclusive of costs, expenses and attorney fees.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 2, 2022, at San Jose, California.

_____
Neil M. Kliebenstein

DECLARATION OF NEIL M. KLIEBENSTEIN IN SUPPORT OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 USC § 1441 (DIVERSITY JURISDICTION)