**BOWMAN AND BROOKE LLP**
Neil M. Kliebenstein (#226060)
1741 Technology Drive, Suite 200
San Jose, CA 95110-1364
Telephone:   (408) 279-5393
Facsimile:     (408) 279-5845
Neil.kliebenstein@bowmanandbrooke.com

Attorneys for Defendant, TESLA, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA CLARA

| | |
|---|---|
| DERRICK MONET, Individually and as the Personal Representative of the Estate of JENNA MONET, Deceased,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>TESLA, INC., and DOES 1 through 100, Inclusive,<br><br>　　　　　　　Defendants. | CASE NO.: 21CV391421<br><br>Assigned to: Hon. Drew C. Takaichi<br>Department: 02<br><br>**DEFENDANT TESLA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT; RELIANCE ON JURY DEMAND**<br><br>Action Filed: November 17, 2021<br>Trial:  None |

　　　Defendant Tesla, Inc. ("Tesla") for itself alone and for no other parties, answers the unverified Complaint for Damages for Personal Injury and Wrongful Death ("Complaint") of Plaintiff Derrick Monet, Individually and as the Personal Representative of the Estate of Jenna Monet, deceased ("Plaintiff"), as follows:

　　　Pursuant to Code of Civil Procedure section 431.30, Tesla denies each of the allegations and every cause of action contained in Plaintiff's Complaint, and further denies that Plaintiff has been damaged in any sum or sums, or at all except Tesla admits only that it designs, manufactures, and/or has manufactured, distributes, and sells Tesla Model 3 electric motor vehicles.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State Cause of Action)**

1. Neither the Complaint nor any of the causes of action stated in it allege facts sufficient to constitute a cause of action against Tesla.

**SECOND AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

2. Tesla is informed and believes, and on that basis alleges that Plaintiff and/or others whose conduct is imputable to Plaintiff, may have been negligent in and about the matters and things alleged in the Complaint, and that negligence and fault contributed directly and proximately to the happening of the incident and to Plaintiff's damages, if any, so that Plaintiff's recovery, if any, shall be diminished by the proportion of said negligence and fault.

**THIRD AFFIRMATIVE DEFENSE**

**(No Causation)**

3. The damages allegedly sustained by Plaintiff, may have been the result of conditions, persons, and events over which Tesla has no control, and were not caused in any manner by any acts or omissions of Tesla.

**FOURTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

4. Tesla is informed and believes, and on that basis alleges that Plaintiff and others whose conduct was imputable to Plaintiff at the time and place alleged in the Complaint may have knowingly, voluntarily and freely placed themselves in an unsafe and dangerous position, and therefore assumed all resulting risks of injuries.

**FIFTH AFFIRMATIVE DEFENSE**

**(Third Party Liability)**

5. Tesla is informed and believes, and on that basis alleges that the damages Plaintiff alleges, if any, may have been either wholly or partially caused or contributed to by the persons, firms, corporations, or entities either named or unnamed, and Tesla is entitled to an

1  apportionment among all such parties according to their responsibilities for such injuries and
2  damages, if any, sustained by Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

### (Fair Responsibility Act)

6. Tesla is informed and believes, and on that basis alleges that Tesla's liability, if any, is limited pursuant to California Civil Code, Section 1431 *et seq*., and any damages awarded to Plaintiff against Tesla should be accordingly reduced.

### SEVENTH AFFIRMATIVE DEFENSE

### (Intervening/Superseding Actions)

7. Tesla is informed and believes, and on that basis alleges that the injuries and damages allegedly sustained by Plaintiff, if any, may have been the direct and proximate result of the intervening and superseding actions of third parties, whether named or unnamed, and not Tesla.

### EIGHTH AFFIRMATIVE DEFENSE

### (State-of-the-Art)

8. Tesla is informed and believes, and on that basis alleges that at the time the Model 3 referred to in Plaintiff's Complaint was originally sold and delivered and/or otherwise placed into the stream of commerce, it comported with the state-of-the art at the time of manufacture and complied with all applicable government standards and requirements and all applicable Federal Motor Vehicle Safety Standards.

### NINTH AFFIRMATIVE DEFENSE

### (Compliance with Internal / Industry/Government Standards)

9. Tesla alleges that the Model 3 meets or exceeds all of Tesla's internal standards as well as applicable industry standards, including those promulgated by the Society of Automotive Engineering and the National Highway Traffic Safety Administration.

/ / /
/ / /
/ / /

### TENTH AFFIRMATIVE DEFENSE

### (Misuse/Abuse/Alteration/Modification)

10. Tesla is informed and believes, and on that basis alleges that the Model 3 referred to in Plaintiff's Complaint may have been misused, abused, modified, and/or altered after being placed into the stream of commerce in a manner which was not reasonably foreseeable to Tesla. That misuse, abuse and/or alteration reasonably caused or contributed to the happening of the alleged accident and to the injuries, loss, and damages, if any.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Improper Maintenance)

11. Tesla is informed and believes, and on that basis alleges that the Model 3 referred to in the Complaint may have been improperly maintained. That improper maintenance reasonably caused or contributed to the happening of the alleged incident and to the injuries, loss, and damages, if any.

### TWELFTH AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

12. Tesla is informed and believes, and on that basis alleges that Plaintiff may have failed to mitigate his damages, if any, in the manner and to the extent required by law.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Preserve Evidence / Spoliation of Evidence)

13. Tesla is informed and believes, and on that basis alleges that Plaintiff's claims are barred in whole or in part because Plaintiff, his attorneys and representatives or others whose conduct is imputable to Plaintiff, may have known of the existence or likelihood of litigation and spoliated or failed to preserve crucial evidence. Tesla asserts that it will, at the appropriate time, seek one or more specific remedies against Plaintiff, including but not limited to, an adverse inference jury instruction, exclusion of claims or evidence and, outright dismissal of Plaintiff's Complaint.

/ / /

/ / /

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Additional Warnings)

14. Tesla is informed and believes, and on that basis alleges that no additional warnings would have, or could have prevented the alleged incident, the injuries, loss, and damages alleged by Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Alternate Warnings)

15. Tesla is informed and believes, and on that basis alleges that no different or alternative warnings would have, or could have, prevented the incident, injuries, damages, and losses alleged in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Sufficient Warnings / No Duty to Warn)

16. Tesla is informed and believes, and on that basis alleges, that it discharged its duty to warn of possible dangers embodied in the Model 3 referenced in the Complaint, if any, by providing adequate alerts, warnings and instructions to persons in the chain of distribution of the Model 3, including Plaintiff. Moreover, Tesla had no duty to warn about products, modifications, or alterations that were provided, manufactured, or performed by a third party or third parties for which Tesla is neither responsible nor liable.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Compliance with Warranty)

17. Tesla is informed and believes, and on that basis alleges, that Plaintiff is barred from maintaining an action for breach of warranty because the product referred to in Plaintiff's Complaint met or exceeded any and all applicable warranties.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Expiration of Implied Warranties)

18. Tesla is informed and believes, and on that basis alleges, that the subject product identified in Plaintiff's Complaint was over one year old and by operation of law, implied warranties expire after one year.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Warranty Exclusions)

19. Tesla is informed and believes, and on that basis alleges, that Plaintiff is barred from maintaining an action for breach of warranty because the product referred to in Plaintiff's Complaint met or exceeded any and all applicable warranties.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

20. Tesla is informed and believes, and on that basis alleges that Plaintiff's claims may be barred in whole or in part by the statute of limitations, including, but not limited to those contained in Code of Civil Procedure sections 335.1, 337, and 338.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Timely Revocation of Acceptance)

21. Plaintiff may have no restitution remedy under breach of implied warranty because there was no timely revocation of acceptance after the alleged breach and before a substantial change in the condition of the goods.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Preemption)

22. Tesla is informed and believes, and on that basis alleges that Plaintiff's defect claims may be barred, in whole or in part, by the doctrine of preemption by federal laws.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Pre-Judgment Interest)

23. Neither Plaintiff's Complaint nor any cause of action stated in it alleges facts sufficient to constitute a cause of action entitling Plaintiff to pre-judgment interest.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (No Duty to Recall or Retrofit)

24. Tesla is informed and believes, and on that basis alleges that Tesla had no duty to retrofit or issue a recall related to the subject Model 3 given the circumstances and facts alleged in Plaintiff's Complaint.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Reliance)

25. Tesla is informed and believes, and on that basis alleges, that Plaintiff did not reasonably rely on any representation by Tesla.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Misrepresentation or Concealment)

26. Tesla is informed and believes, and on that basis alleges, that it did not make any misrepresentation to Plaintiff or any other parties in this action, and that it did not conceal or suppress any material fact to Plaintiff or any other parties in this action.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Intent to Defraud or Knowledge)

27. Tesla is informed and believes, and on that basis alleges, that it did not intentionally conceal, suppress, or make any misrepresentations of any material fact to Plaintiff or any other parties in this action, and even if it did it did so without knowledge or intent to defraud Plaintiff or any other parties in this action.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Defect / Subject Vehicle Fit for its Intended Purpose)

28. Tesla is informed and believes, and on that basis alleges, that the Model 3 referenced in the Complaint was not in a defective condition at any time when it left the possession, custody, or control of Tesla.  Further, the Model 3 and its component parts were fit for their intended uses, did not contain any non-conformities or defects, and complied with all express limited written warranties.  The Model 3 was fit for providing transportation at all relevant times hereto.  Accordingly, Plaintiffs are not entitled to relief for breach of implied warranty of merchantability. <u>American Suzuki Motor Corporation v. Superior Court</u> (1995) 37 Cal. App. 4th 1291.

/ / /

/ / /

/ / /

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Unreasonable or Unauthorized Use)

29. Tesla is informed and believes, and on that basis alleges, that some or all of Plaintiff's concerns may have been caused by unreasonable or unauthorized use. Civil Code § 1794.3.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Unconstitutional Claims for Punitive or Other Damages)

30. Tesla is informed and believes and on that basis alleges that Plaintiff's claims for statutory, exemplary, or punitive damages or penalties may be barred in whole or in part to the extent that such claims violate Tesla's rights to equal protection under the laws, due process, and the right to be free from cruel and unusual punishment and excessive fines as guaranteed by the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and by Article I, sections 7 and 17, and Article IV, section 16 of the California Constitution.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Estoppel, Laches, Lack of Good Faith)

31. Tesla is informed and believes, and on that basis alleges, that some or all of Plaintiff's claims may be barred by estoppel, laches and/or lack of good faith.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Res Judicata/Collateral Estoppel)

32. Tesla is informed and believes, and on that basis alleges that the Complaint, and each and every cause of action alleged therein, may be barred by the doctrines of res judicata and/or collateral estoppel.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Lack of Privity)

33. Tesla is informed and believes, and on that basis alleges, that Plaintiff is barred from maintaining and action for breach of warranty because Plaintiff is not in privity of contract with Tesla and there are no express or implied warranties running from Tesla to Plaintiff.

///

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

**(Binding Arbitration)**

34. Tesla is informed and believes, and on that basis alleges, that Plaintiff is legally and contractually obligated to submit his claims to binding arbitration under the terms and conditions of the Motor Vehicle Order Agreement and/or the Retail Installment Sales Contract entered into between the parties for any and all claims alleged in the Complaint. Thus, Plaintiff's claims may be barred in whole, or in part, by his failure to comply with the arbitration provision in his agreements with Tesla. Further, Tesla expressly reserves its right to enforce the arbitration provision and expresses its intention to compel Plaintiff's claims to arbitration.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

**(Choice of Law)**

35. California law may not apply in this case. Tesla hereby gives notice that it intends to rely on and reserves its right to assert such other or related defenses as they become available in the event of a determination that this action, or some part thereof, is governed by the substantive law of a state other than California, or in the event it becomes apparent that the facts on which this action is premised lack any necessary nexus to California.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

**(Additional Affirmative Defenses Reserved Pending Discovery)**

36. Tesla alleges that it may have additional affirmative defenses available that are not now fully known. Tesla reserves the right to assert additional affirmative defenses after they have been determined.

WHEREFORE, Defendant Tesla, Inc. prays as follows:

(1) For dismissal of Plaintiff's Complaint with prejudice;

(2) For judgment in favor of Defendant Tesla, Inc.;

(3) For its costs; and

/ / /

/ / /

/ / /

(4) For such other and further relief as the court deems proper.

DATED:  February 1, 2022

**BOWMAN AND BROOKE LLP**

BY: _____
Neil M. Kliebenstein
Attorneys for Defendant TESLA, INC.

## **RELIANCE UPON PLAINTIFF'S DEMAND FOR JURY TRIAL**

Defendant Tesla, Inc. hereby relies upon Plaintiff's demand for a jury trial in this matter.

DATED: February 1, 2022

**BOWMAN AND BROOKE LLP**

BY: _____
Neil M. Kliebenstein
Attorneys for Defendant TESLA, INC.

# PROOF OF SERVICE
## CCP 1013A(3)

**STATE OF CALIFORNIA, COUNTY OF SANTA CLARA**

I am employed in the County of Santa Clara, State of California. I am over the age of 18 and not a party to the within action; my business address is 1741 Technology Drive, Suite 200 | San Jose, CA 95110-1355.

On February 1, 2022, I served the foregoing document described as ***DEFENDANT TESLA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT; RELIANCE UPON JURY DEMAND*** on all interested parties in this action by placing ( ) the original (**XX**) true copy(ies) thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

( )    **BY MAIL (CCP §1013(a) and §2015.5):** As follows: I served the documents by placing the envelope for collection and mailing following our ordinary business practices. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

( )    **BY OVERNIGHT DELIVERY/NEXT DAY DELIVERY (CCP §1013(a) and §2015.5):** I sealed such document(s) in separate envelopes for each addressee and deposited each for collection and mailing via overnight mail/next day delivery in a box or other facility regularly maintained by the U.S. Postal Service or an express service carrier, or delivered to an authorized courier or driver authorized by the U.S. Postal Service or an express service carrier to receive documents, with delivery fees paid or provided for.

(**XX**)    **BY ELECTRONIC SERVICE (CCP 1010.6.(b)(6):** Based on an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the addressees persons at the electronic notification listed on the Service/Mailing List.

( )    **BY PERSONAL SERVICE (CCP §1011 and §2015.5):** I caused to be delivered such envelope by hand to the addressee.

Executed on February _, 2022, at San Jose, California.

( ) (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Ann Sesion

**SERVICE/MAILING LIST**

**Derrick Monet vs. Tesla, Inc., et al.,**
Santa Clara County Superior Court Case No: 21CV391421

| | |
|---|---|
| ELISE R. SANGUINETTI, SBN 191389<br>JAMIE G. GOLDSTEIN, SBN 302479<br>ARIAS SANGUINETTI WANG &<br>TORRIJOS, LLP<br>2200 Powell Street, Suite 740<br>Emeryville, CA 94608<br>Telephone: (510) 629-4877<br>Facsimile: (510) 291-9742<br>elise@aswtlawyers.com; | **Attorneys for Plaintiffs** |

NICOLE L. JUDGE (JU005 – AL)
SLAVIK LAW FIRM, LLC
3001 South Lincoln Avenue, Suite C-1
Steamboat Springs, CO 80487
Telephone: (970) 457-1011
Facsimile: (267) 878-7697
njudge@slavik.us
*Pro Hac Vice Pending*

DEFENDANT TESLA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT; RELIANCE ON JURY DEMAND